UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVAUGHN DM MILLER, | ) | |
| *Plaintiff*, | ) ) ) | Case No. 3:23-cv-413 |
| v. | ) ) | Judge Travis R. McDonough |
| JEFF HUNTER, OFFICER BURNS, and OFFICER WHITT, | ) ) ) | Magistrate Judge Debra C. Poplin |
| *Defendants*. | ) ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 1). On April 25, 2024, the Court entered an order (1) requiring Plaintiff to show good cause as to why the Court should not dismiss this action for want of prosecution based on his apparent failure to update his address with the Court within fifteen (15) days of entry of that order and (2) notifying Plaintiff that failure to timely comply with that order would result in dismissal of this action (Doc. 6). However, the United States Postal Service ("USPS") returned the Court's mail to Plaintiff containing that show cause order as undeliverable with a notation indicating that Plaintiff is no longer at the only address he provided to the Court. (Doc. 1, at 3; Doc. 7, at 1.) Moreover, Plaintiff has not responded to the Court's show cause order (Doc. 6), and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to sua sponte dismiss a case when a "plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see*

*also Rogers v. City of Warren*, 302 Fed. Appx. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with its previous order is due to his willfulness or fault, as it appears that Plaintiff has failed to update the Court as to his most recent address, despite the Court previously notifying him that if he did not do so within fourteen days of an address change, this could be grounds for dismissal of this action. (Doc. 3, at 1; Doc. 5, at 2.) As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's previous order has not prejudiced Defendants. However, the Court notes that, like the Court, Defendants cannot communicate with Plaintiff about this case without his current address. As to the third factor, the Court notified Plaintiff that failure to timely comply with its previous order would result in dismissal of this action (Doc. 6, at 1). Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as the Court granted Plaintiff leave to proceed *in forma pauperis* in this action, and he has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from responding to the Court's order or updating the Court as to his current address, and his pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED** for want of prosecution and failure to comply with a Court order pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**